# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1651V**

|  |  |
|---|---|
| ERIKA VERLEYE, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 23, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On October 15, 2024, Erika Vereyle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). The Petition primarily alleged a Table Injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of receipt of a Tdap vaccine on July 5, 2022. Petition at 1, 8-9. Alternatively, Petitioner argued that her SIRVA was caused-in-fact by her vaccination. Petitioner further alleged that she developed a mass ("lipoma") at

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the site where the vaccine was injected. *See generally* Petition. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 9, 2025, Respondent filed his Rule 4(c) Report, setting forth objections to Petitioner's SIRVA claim. Respondent's Report (ECF No. 14) at 2, n. 1. In particular, he argued that Petitioner had failed to establish a SIRVA Table injury, because the medical records did not document *shoulder* pain (as opposed to pain at the injection site related to a lipoma) within 48 hours of her vaccination, nor did they evidence range of motion deficits during her treatment – two elements for a SIRVA. *Id.* (emphasis added).[3]

At the same time, however, Respondent conceded that Petitioner's receipt of the Tdap vaccine more likely than not the caused her to suffer a lipoma of her right upper extremity, and agreed that she had satisfied all legal prerequisites for compensation for that injury under the Vaccine Act. Respondent's Report at 2, 8-9.

On June 10, 2025, I issued an Order noting that based upon my preliminary review, Respondent's objections to Petitioner's SIRVA claim had merit. I therefore directed Petitioner to show cause as to why her SIRVA claim should not be dismissed in its entirety (although such a dismissal would not undo Respondent's concession of a vaccine—caused lipoma). Order to Show Cause at 2 (ECF No. 16). Thereafter, October 28, 2025, Petitioner filed a Response to my Order to Show Cause stating that her updated medical records "confirm that Petitioner's injury, treatment, and ongoing rehabilitation are directly related to the excision of the vaccine-caused lipoma, and Petitioner therefore withdraws her SIRVA claim in favor of compensation for the lipoma and its sequelae." Response to Show Cause Order (ECF No. 23) at 2.[4]

**Accordingly, and in view of Respondent's concession that Petitioner suffered a lipoma that was caused-in-fact by her July 5, 2022 Tdap vaccine, and the**

---

[3] To establish a Table SIRVA case, Petitioner must demonstrate:

> (i) No prior history of pain, inflammation or dysfunction of the affected shoulder prior to vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;
> (ii) Pain occurs within the specified time frame [within 48 hours];
> (iii) Pain and reduced range of motion are limited to the shoulder in which the vaccine was administered; and
> (iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy)

42 C.F.R. § 100.3(c)(10).

[4] As Petitioner has elected to withdraw her SIRVA claim, Petitioner shall proceed to the damages phase on her lipoma injury *only*. In these circumstances, I find it unnecessary to resolve whether Petitioner established a Table SIRVA or off-Table injury. I also recognize that Petitioner does not concede the objections raised by Respondent against the Table claim.

**evidence of record, I find that Petitioner is entitled to compensation for her lipoma. A damages order will follow.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master